**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.    **JULIE K. RHODES,** )<br>)<br>        **Plaintiff,** )<br>)<br>vs. )<br>)<br>1.    **SELECT ENERGY SERVICES,** )<br>**LLC, a foreign limited liability company,** )<br>)<br>        **Defendant.** ) | Case No. CIV-15-1021-L _____<br><br>*Jury Trial Demanded*<br><br>*Attorney Lien Claimed* |

**COMPLAINT**

**COMES NOW** Julie K. Rhodes, Plaintiff in the above-entitled action, by and through her attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for her causes of action alleges as follows:

**JURISDICTION /VENUE /PARTIES**

1. Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C. § 1331 (2014) and 28 U.S.C. § 1343(a)(4) (2014), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2014).

2. Venue is appropriate as all incidents alleged herein pertaining to Plaintiff's causes of action occurred within the Western District of Oklahoma.

3. Plaintiff Julie K. Rhodes, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma.

4. Defendant Select Energy Services, LLC, at all times relevant to the claims alleged herein, upon information and belief, was and is a foreign limited liability company operating in and under the laws of the State of Oklahoma.

5. Further, Defendant Select Energy Services, LLC, at all times relevant to the claims alleged herein, was and is an employer affecting commerce with fifteen (15) or more employees under 42 U.S.C. § 2000e(b) (2014), operating facilities in various places, including at 2249 County Street 2810, in Chickasha, Grady County, Oklahoma.

6. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

### STATEMENT OF THE FACTS

7. Plaintiff Julie K. Rhodes incorporates paragraphs 1 through 6 herein as if fully set forth verbatim.

8. Plaintiff was, at all times relevant to the claims contained herein, an employee of Defendant within the meaning of 42 U.S.C. § 2000e(f) (2014).

9. Plaintiff was and is a member of a legally recognized protected class, i.e., female.

10. Plaintiff began her employment with Defendant in the position of "Processor" on or about May 23, 2011.

11. Plaintiff was originally assigned to Defendant's facility at Alderson, Oklahoma.

12. On or about July 7, 2012, Plaintiff was promoted to the position of "Field Analyst."

13. Plaintiff was then transferred to Defendant's facility at Stillwater, Oklahoma.

14. On or about February 2, 2013, a co-worker at the Stillwater facility, David Adams, circulated in the workplace an email bearing the image of an African American child with a well-recognized racial epithet displayed upon it as a caption.

15. Plaintiff found the email patently offensive.

16. On February 3, 2013, Plaintiff lodged a complaint regarding the email with Pam Remy, Human Resources Director for Defendant.

17. Upon information and belief, on or about February 4, 2013, Adams was directed to report to Defendant's Oklahoma City office, purportedly because an investigation was being commenced over the email.

18. David Adams returned to his post at the Stillwater facility the same day.

19. Notwithstanding the investigation into his actions, on that same day, February 4, 2013, David Adams printed off the photo from the email, with a new caption, on the work site community printer.

20. Plaintiff found the new print-out on the community printer.

21. Plaintiff reported this action to Pam Remy.

22. Pam Remy advised Plaintiff that Plaintiff's options were to "quit or move on, get past it, and work as a team."

23. Plaintiff was never advised whether Defendant made any determinations regarding the matter involving David Adams.

24. In December, 2013, Plaintiff was transferred to Defendant's facility in Chickasha, Oklahoma.

25. In March, 2014, management of the Chickasha facility was assigned to two brothers, Stephen and Clint Harris.

26. In September, 2014, in the presence of several employees, Stephen Harris made a sex-based and demeaning comment regarding Plaintiff's breasts.

27. Plaintiff reported the incident to Tracy Dixon in Human Resources that same day.

28. Dixon responded to Plaintiff's complaint by averring that Plaintiff must have taken Stephen Harris's comments out of context.

29. Nonetheless, Dixon advised Plaintiff that she (Dixon) would "look into it."

30. Plaintiff was never advised further on the incident.

31. On or about October 18, 2014, a co-worker at Select Energy Services, David Altamirano, put unsafe tires on a new 2015 company truck because he believed the tires "looked cool."

32. The tires were taken from an old van belonging to Defendant.

33. Because the tires were unsafe, the 2015 truck was damaged in a traffic accident while it was operated by Altamirano.

34. Upon information and belief, Stephen and Clint Harris knew that Altamirano had installed the unsafe tires on the 2015 truck, as well as the source of the tires and Altamirano's reason for replacing the tires.

35. On or about October 19, 2014, the matter was reported to Chad Colbert, Safety Coordinator, by Earl Cook, Mechanic, and Eric Garland, CDL Driver (who was tasked with picking up the damaged truck).

36. In response to an inquiry by Chad Mitchell, Area Vice President, Stephen Harris provided false information regarding the cause of the accident, advising that Altamirano merely had a blow out and it was replaced with the wrong spare tire.

37. Upon information and belief, Altamirano was never disciplined in any way for the incident.

38. On or about October 29, 2014, Plaintiff was approached by Eric Garland and another employee, Thomas Kilian, in which they requested that Plaintiff provide the number to Human Resources.

39. Plaintiff provided the number to Garland and Kilian.

40. Further, Plaintiff advised Stephen and Clint Harris that she had provided this information to Garland and Kilian.

41. On or about November 7, 2014, Eric Garland sent a text message to Plaintiff advising that he (Garland) had spoken with Pam Remy and that Remy intended to call Plaintiff.

42. On that date, Plaintiff did receive a call from Remy.

43. In her conversation with Remy, Plaintiff provided truthful information regarding the traffic accident involving David Altamirano, i.e., Altamirano had replaced the truck's new tires with those that were on the van, which was a safety violation.

44. Upon information and belief, the information that Plaintiff provided regarding the Altamirano accident was consistent with that provided by other *male* employees.

45. Further, Plaintiff informed Stephen and Clint Harris that she had spoken with Pam Remy, advising Stephen and Clint about the content of that conversation.

46. On or about November 11, 2014, Plaintiff was suddenly and unexpectedly discharged from her position with Defendant Select Energy Services for purportedly "creating a hostile work environment."

47. Prior to that date, Plaintiff had never been warned, counseled or reprimanded for actions that created a "hostile work environment."

48. Plaintiff was the only female among those who reported the Altamirano matter to management.

49. Unlike any other, Plaintiff was discharged from her employment.

50. Upon information and belief, Plaintiff was replaced by a male at Select Energy Services.

51. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") regarding her discharge within 300 days of the event.

52. On June 30, 2015, the EEOC issued a "Dismissal and Notice of Rights" or "Right to Sue Letter," meaning that this matter has been timely filed, within ninety (90) days of the issuance of said Right to Sue Letter.

## FIRST CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION
### TITLE VII, 42 U.S.C. § 2000e *et seq.* (2014)
### AS TO DEFENDANT SELECT ENERGY SERVICES

53. Plaintiff Julie K. Rhodes incorporates paragraphs 1 through 52 herein as if fully set forth verbatim.

54. Plaintiff was a member of recognized protected class under the Act, specifically, female.

55. Plaintiff was qualified for the position she held with Defendant.

56. Plaintiff was discharged without cause from her employment with Defendant.

57. Plaintiff was doing satisfactory work at the time of her discharge.

58. Plaintiff was treated differently and less favorably than others who were similarly situated but not within Plaintiff's class.

59. Plaintiff was replaced by another not within her protected class who was similarly or less qualified than Plaintiff.

60. Plaintiff's sex – female – was a motivating factor in Plaintiff's discharge.

61. As a result of the actions constituting unlawful discrimination because of Plaintiff's sex, Plaintiff's rights were violated, causing her injury.

## PUNITIVE AND EXEMPLARY DAMAGES

62. Plaintiff Julie K. Rhodes incorporates paragraphs 1 through 61 herein as if fully set forth verbatim.

63. The acts and omissions by Defendant, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's federally protected rights.

64. As a direct result of Defendant's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to

be determined by a jury commensurate with the financial resources available to Defendant and sufficient to deter others similarly situated from like behavior.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Julie K. Rhodes prays this Court to grant to her the following relief:

A.  Judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00);

B.  Punitive damages against Defendant where permitted by law;

C.  Order Defendant to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D.  Any other such further relief this Court deems just and proper.

                      Respectfully submitted,

                      **KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
11114 South Yale Avenue, Suite B
Tulsa, Oklahoma 74137
(918) 924-5101 – Telephone
(918) 512-4888 – Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
***Attorneys for Plaintiff:***
***Julie K. Rhodes***